1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLDCASTLE PRECAST, INC.,

                    Plaintiff,

        v.

GRANITE PRECASTING & CONCRETE,
INC.,

                    Defendant.

Case No. C10-322 MJP

**ORDER DENYING IN PART AND
GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS**

This matter comes before the Court on Defendant's motion to dismiss.  (Dkt. No. 7.)

Having reviewed the motion, Plaintiff's response (Dkt. No. 12), the reply (Dkt. No. 15), and all

papers submitted in support thereof, the Court GRANTS in part and DENIES in part the motion.

The Court finds this matter suitable for determination without oral argument.

### Background[1]

Plaintiff Oldcastle "designs and manufactures precast concrete products, including

enclosures and vaults, which typically house electrical or metering equipment."  (Amended

Complaint ("Compl.") ¶ 7.)  Plaintiff has registered copyrights for drawings of its products,

---

[1] All allegations are referred to as if they are facts.  This is done solely for purposes of this order and the Court
does not convert any allegations into accepted facts.

including Federal Copyright Registration TX-4-684-472, covering "all text, drawings and artwork" contained in Plaintiff's "Utility Vault Catalog." (Id. ¶ 9.)

In 2006, Plaintiff discovered Defendant was copying drawings out of the Utility Vault Catalog. (Compl. ¶ 10.) Plaintiff noted, too, that Defendant was using part numbers that corresponded to those used in the Utility Vault Catalog that otherwise have no particular connection to the "functional demands placed on the particular part associated with each number." (Id. ¶ 13.) Plaintiff demanded Defendant cease the copying and entered into negotiations to settle the dispute. (Id. ¶¶ 11-12.) As a result of negotiations, Plaintiff gave Defendant a settlement agreement that Defendant never signed. (Id. ¶ 14.) Because Defendant appeared to stop copying Plaintiff's works (Defendant changed its website), Plaintiff did not pursue the execution of the agreement. (Id. ¶¶ 15-16.)

In 2009, Plaintiff bid on a project in Shoreline, Washington, and discovered that Defendant was still copying its drawings from the Utility Vault Catalog and using Plaintiff's part numbering. (Compl. ¶¶ 17-18.) Defendant has been awarded many contracts by using some of the same designs and drawings from the Utility Vault Catalog. (Id.) Defendant has also caused at least one of Plaintiff's customers to believe the Defendant's products were the same as Plaintiff's and that Defendant was an authorized reseller of Plaintiff's goods. (Id. ¶ 33.)

Plaintiff filed suit and pursues six claims: (1) copyright infringement; (2) breach of implied covenants; (3) unfair competition under the Lanham Act; (4) unjust enrichment; (5) a Washington Consumer Protection Act ("CPA") violation; and (6) tortious interference. After Plaintiff amended its complaint, Defendant seeks dismissal of Plaintiff's unjust enrichment, CPA, and tortious interference claims, and the Lanham Act claim on two distinct preemption theories. (Dkt. No. 15.)

**Analysis**

A.   Standard

On a Rule 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the complaint. The Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in Plaintiff's favor. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322-23 (2007). To survive a motion to dismiss, the complaint "does not need detailed factual allegations," but it must contain "enough [factual allegations] to raise a right to relief above the speculative level" and to state a claim to relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

B.   <u>Preemption of state law claims</u>

Defendant moves to dismiss Plaintiff's unjust enrichment, CPA, and tortious interference claims. Defendant correctly argues the Copyright Act preempts all three claims.

The Copyright Act protects the right to reproduce, distribute, and display copyrighted materials, as well as the right to prepare derivative works based on the copyrighted material. 17 U.S.C. § 106. The Act preempts state law with regard to "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106. . . ." 17 U.S.C. § 301(a). State law claims are preempted when (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are equivalent to the exclusive rights of copyright. <u>Grosso v. Miramax Film Corp.</u>, 383 F.3d 965, 968 (9th Cir. 2004). To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected by the copyright act. <u>Altera Corp. v. Clear Logic, Inc.</u>, 424 F.3d 1079, 1089 (9th Cir. 2005) (citing <u>Summit Mach. Tool Mfg. v. Victor CNC Sys.</u>, 7 F.3d 1434, 1439-40 (9th Cir. 1993)).

The Copyright Act preempts Plaintiff's unjust enrichment claim. Plaintiff alleges Defendant "unjustly utiliz[ed] Oldcastle's designing and engineering work for its customers" and obtained an unfair benefit. (Compl. ¶ 39.) The alleged protection of the Catalog's drawings and derivative works stems for the rights given to Plaintiff expressly from the Copyright Act. 17 U.S.C. § 106 (granting rights "to reproduce the copyrighted work in copies" and "to prepare

derivative works based upon the copyrighted work"). While the design and engineering work is not alleged to be copyrighted, it is derivative of the alleged copyright-protected Utility Vault Catalog drawings. Plaintiff's claim for usurpation of the engineering and design is not qualitatively different than its claim for copyright infringement. Moreover, Plaintiff expressly incorporates its Copyright Act allegations into the claim, which further supports a finding of preemption. (Id. ¶ 37); see Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1212-13 (9th Cir. 1998) (holding that an unfair competition claim was preempted where it expressly incorporated Copyright Act allegations and alleged that defendant had created a new art based on plaintiff's prior works). The Court GRANTS the motion and dismisses this claim.

The Copyright Act preempts Plaintiff's CPA claim. The CPA claim boils down to an allegation that Defendant marketed Plaintiff's designs and drawing as its own, which is purportedly a violation of the CPA. (Compl. ¶¶ 44-47.) The claim implicates all of Plaintiff's alleged rights under the Copyright Act and lacks an extra element. The claim also incorporates the allegations specific to the copyright claim. (Id. ¶ 42); see Kodadek, 1542 at 1212-13. Plaintiff argues its claim is distinct because it alleges that Defendant not only copied, but marketed the materials as its own and copied the parts numbers for the sole purpose of misleading the public. The gravamen of Plaintiff's claim is still that Defendant copied and used its copyrighted materials. The rights in both claims stem from the Copyright Act and are qualitatively indistinguishable. See Blue Nile, Inc. v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1249-50 (W.D. Wash. 2007) (finding a CPA claim preempted where the plaintiff incorporated his copyright allegations into the claim and failed to add an extra element). The Court GRANTS the motion and dismisses this claim.

The Copyright Act also preempts Plaintiff's tortious interference claim. This claim involves the essential elements of Plaintiff's Copyright Act claim. Plaintiff alleges Defendant misappropriated its copyrighted materials, and used them to Plaintiff's detriment in competitive bidding. That there may be other elements needed to prove the tortious interference claim as

1   compared to the Copyright claim does not make the rights qualitatively different.  Laws v. Sony

2   Music Entm't, Inc., 448 F.3d 1134, 1144 (9th Cir. 2006) ("The mere presence of an additional

3   element ('commercial use') in [the state law claim] is not enough to qualitatively distinguish [the

4   plaintiff's] right of publicity claim from a claim in copyright.  The extra element must transform

5   the nature of the action.")  Plaintiff's state law claim does not transform the nature of the action

6   in any qualitative manner.  The Court GRANTS the motion and dismisses this claim as

7   preempted.

8   C.      Preemption of Lanham Act claim

9           Defendant argues the Copyright Act also preempts Plaintiff's Lanham Act claim for

10  unfair competition.  The claim, as pleaded, is not preempted.

11          The Ninth Circuit has declined to "expand the scope of the Lanham Act to cover cases in

12  which the Federal Copyright Act provides an adequate remedy."  Shaw v. Lindheim, 919 F.2d

13  1353, 1364-65 (9th Cir. 1990); see Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S.

14  23, 34 (2003) ("Thus, in construing the Lanham Act, we have been careful to caution against

15  misuse or over-extension of trademark and related protections into areas traditionally occupied

16  by patent or copyright.") (internal quotation omitted).  Parallel claims under the Copyright Act

17  and Lanham Act, however, are not per se impermissible, especially when the damages sought

18  under the two acts are distinct.  See Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007,

19  1011 (9th Cir. 1994) (noting the distinction in damages available under both Acts).

20          Plaintiff's Lanham Act claim contains sufficiently distinct elements and allegations to

21  avoid preemption by the Copyright Act.  First, Plaintiff seeks the cost of corrective

22  advertisement, which is a form of relief that is unavailable under the Copyright Act.  (Id. at 11);

23  see Punch Clock, Inc. v. Smart Software Dev., 553 F. Supp.2d 1353, 1358-59 (S.D. Fla. 2008)

24  (awarding seven years of corrective advertising where defendant willfully infringed on plaintiff's

25  mark).  Second, the nature of the claims is distinct.  Plaintiff alleges Defendant intentionally used

26  the same part numbering system with regard to precast items to confuse potential customers into

ORDER DENYING IN PART AND GRANTING IN PART                    CASE NO. C10-322 MJP
DEFENDANT'S MOTION TO DISMISS - 5

thinking they were Plaintiff's products.  (Compl. ¶ 13.)  This is distinct from a claim of reproducing or using copyrighted material.  Plaintiff states further that one of its customers was indeed confused as to whether Defendant was an authorized reseller of Plaintiff's products.  (Id. ¶ 33.)  The facts supporting the two claims are thus distinguishable.  Third, the key case Defendant relies on is distinguishable.  (See Dkt. No. 7 at 8.)  Shaw was decided at summary judgment only after the parties had developed sufficient facts to demonstrate the lack of distinction between the plaintiff's Lanham Act and Copyright Act claims.  Shaw, 919 F.2d at 1355.  At this point in the proceedings, the allegations (accepted as true) suffice to show a genuine distinction in the nature of the claims.  The Court DENIES the motion on this claim without prejudice to Defendant to reexamine the issue after discovery.

### Conclusion

Plaintiff's unjust enrichment, CPA, and tortious interference claims lack an "extra element" so as to avoid the Copyright Act's preemptive reach.  The Court GRANTS Defendant's motion as to these claims and DISMISSES them.  At this stage of the litigation, Plaintiff's Lanham Act claim presents sufficiently different elements to avoid preemption.  The Court DENIES Defendant's motion as to this claim.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 1st day of June, 2010.

Marsha J. Pechman
United States District Judge

ORDER DENYING IN PART AND GRANTING IN PART                    CASE NO. C10-322 MJP
DEFENDANT'S MOTION TO DISMISS - 6